## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 5:20-cv-1628 (BKS/ML) |
| v. ) ) | |
| MCLANE/EASTERN, INC. D/B/A MCLANE NORTHEAST, ) ) ) | **COMPLAINT** |
| Defendant. ) ) | **Jury Trial Demanded** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Shelley Valentino. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant McLane/Eastern, Inc. d/b/a McLane Northeast ("McLane" or "Defendant") violated the ADA by failing to interview and failing to ultimately hire Valentino because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. McLane is a supply chain services company that distributes products from suppliers to various grocery retail locations.

5. At all relevant times, McLane has continuously been a Texas corporation doing business in the State of New York, the County of Onondaga, and the Town of Lysander.

6. At all relevant times, McLane has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

7. At all relevant times, McLane has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Valentino filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

9. On August 20, 2020, the Commission issued a Letter of Determination notifying Defendant that the Commission found reasonable cause to believe that Defendant violated the

ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On September 25, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least March 12, 2018, McLane has engaged in unlawful employment practices at its Lysander site, in violation of Section 102(a) and (b)(1) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1).

15. Valentino is an individual with a disability under Section 3 of the ADA, 42 U.S.C. § 12102. She has an impairment, deafness, that substantially limits her in the major life activity of hearing.

16. On or about March 12, 2018, at approximately 10:36 AM, Valentino applied for the positions of "Warehouse Selector II" and "Warehouse Selector IV" with McLane.

17. The responsibilities of the Selector II position included selecting designated open-case product and placing it securely in a tote or box to fulfill customer orders.

18. The responsibilities of the Selector IV position included selecting designated product, securely loading it into a cart or onto a pallet and using power equipment to transport it to the designated dock area to fulfill customer orders.

19. McLane's internal job descriptions for the Selector II and Selector IV positions identified the same "Minimum Qualifications and Requirements" for each position:

   a. "Have a High School Diploma or GED;"

   b. "Be 18 years or older;"

   c. "Be able to speak, read and understand the English language;" and

   d. "Be able to successfully pass a physical capabilities test, drug screen and criminal background check."

20. As of March 2018, Valentino was over the age of 18, possessed a GED, and would have passed a drug screen and criminal background check.

21. Valentino was able to communicate verbally in-person by speaking and reading the lips of the individual with whom she was speaking, and therefore could speak, read and understand the English language.

22. As of March 2018, Valentino was capable of passing a physical capabilities test, with or without reasonable accommodation.

23. Valentino was therefore a qualified individual with respect to these positions under Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

24. On or about March 12, 2018, after reviewing Valentino's resume, McLane called Valentino to speak with her over the phone about her applications.

25. On or about March 12, 2018, Valentino promptly returned McLane's call using a Telecommunications Relay Service ("TRS"), which uses an operator to facilitate telephone calls between people with hearing or speech disabilities and other individuals.

26. During this March 12, 2018 telephone call via TRS, Valentino typed what she wanted to say to an operator, who verbally relayed Valentino's words to the call recipient. The operator then typed the recipient's words back to Valentino.

27. During this March 12, 2018 telephone call via TRS, the operator explained how TRS worked to an employee in McLane's Human Resources department.

28. Based on Valentino's use of TRS, McLane became aware that Valentino had a hearing impairment.

29. The Human Resources employee represented that the individual with whom Valentino should speak was not available, but that Valentino would receive a return call or email.

30. McLane never returned Valentino's call, emailed her to request additional information, or interviewed Valentino for the Selector II or Selector IV roles.

31. Instead, the following day, McLane eliminated Valentino from further consideration, rejecting her applications for the Selector II and Selector IV roles.

32. After rejecting Valentino's applications, McLane continued to seek applications from persons with similar qualifications to Valentino, holding the job postings for the Selector II and Selector IV positions open.

33. On or about March 22, 2018, Valentino reapplied for the Selector II and Selector IV positions.

34. McLane rejected Valentino's applications for these positions within hours of her application.

35. McLane interviewed other, non-hearing-impaired applicants for the Selector II and Selector IV positions.

36. McLane ultimately hired other, non-hearing-impaired applicants for the Selector II and Selector IV positions.

37. McLane refused to interview Valentino because of her disability, denying her opportunities provided to non-hearing-impaired applicants.

38. McLane ultimately failed to hire Valentino because of her disability.

39. The unlawful employment practices complained of above were intentional.

40. The unlawful employment practices complained of above were done with malice or with reckless indifference to Valentino's federally protected rights.

41. The unlawful employment practices complained of above caused Valentino harm.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, and from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Valentino whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including instatement of Valentino, if appropriate, or front pay in lieu thereof.

      D.      Order Defendant to make Valentino whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      E.      Order Defendant to make Valentino whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

      F.      Order Defendant to pay Valentino punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper to the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: December 30, 2020
       New York, New York

                            Respectfully submitted,

                            SHARON FAST GUSTAFSON
                            General Counsel

                            GWENDOLYN YOUNG REAMS
                            Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY A. CRUZ
Supervisory Trial Attorney
kimberly.cruz@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

/s/ *Caitlin D. Brown*
CAITLIN D. BROWN
Trial Attorney
Bar ID No. 702383
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
Tel: (929) 506-5277
Fax: (212) 336-3623
Email: caitlin.brown@eeoc.gov