UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

               Plaintiff,

     v.

MCLANE/EASTERN, INC. D/B/A
MCLANE NORTHEAST,

               Defendant.

**ANSWER AND DEMAND
FOR JURY TRIAL**

Civil Action No.
5:20-cv-1628 (BKS/ML)

---

Defendants McLane/Eastern, Inc. d/b/a McLane Northeast ("Defendant") by their attorneys, Barclay Damon LLP, as and for their Answer to the Complaint filed on behalf of Plaintiff United States Equal Employment Opportunity ("Plaintiff") dated December 30, 2020, alleges as follows:

1.     Neither admits nor denies the allegations relating to the Court's jurisdiction, as all such legal conclusions are reserved for the Court, and otherwise DENIES the remaining allegations contained in Paragraph 1 of the Complaint.

2.     ADMITS only so much of Paragraph 2 of the Complaint as alleges that the practices claimed by Plaintiff occurred within the jurisdiction of the United States District Court for the Northern District of New York, DENIES that Defendant engaged in any unlawful practice as alleged by Plaintiff, and DENIES the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Neither admits nor denies the allegations relating to the Plaintiff's authority, as all such legal conclusions are reserved for the Court, and otherwise DENIES the remaining allegations contained in Paragraph 3 of the Complaint.

4.      ADMITS the allegations contained in Paragraph 4 of the Complaint and further STATES that Defendants is a transportation leader, which delivers consumer products to convenience stores, mass merchants, and drug stores.

5.      ADMITS the allegations contained in Paragraph 5 of the Complaint.

6.      Neither admits nor denies the allegations in Paragraph 6 of the Complaint, as all such legal conclusions are reserved for the Court, and otherwise DENIES the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Neither admits nor denies the allegations in Paragraph 7 of the Complaint, as all such legal conclusions are reserved for the Court, and otherwise DENIES the remaining allegations contained in Paragraph 7 of the Complaint.

8.      ADMITS the allegations contained in Paragraph 8 of the Complaint.

9.      ADMITS only so much of Paragraph 9 of the Complaint as alleges that Plaintiff issued a Letter of Determination on August 20, 2020 and otherwise denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     ADMITS only so much of Paragraph 10 of the Complaint as alleges that Plaintiff and Defendant engaged in communications, and otherwise DENIES the remainder of the allegations contained in Paragraph 10 of the Complaint.

11.     DENIES the allegations contained in Paragraph 11 of the Complaint.

12.     ADMITS the allegations contained in Paragraph 12 of the Complaint.

13.     DENIES the allegations contained in Paragraph 13 of the Complaint.

14.     DENIES the allegations contained in Paragraph 14 of the Complaint.

15.     DENIES the allegations contained in Paragraph 15 of the Complaint.

16.     ADMITS the allegations contained in Paragraph 16 of the Complaint.

17.     ADMITS the allegations contained in Paragraph 17 of the Complaint.

18.     ADMITS the allegations contained in Paragraph 18 of the Complaint.

19.     STATES that the internal job descriptions for the Selector II and Selector IV positions speak for themselves, and otherwise DENIES the allegations contained in Paragraph 19 of the Complaint.

20.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     DENIES the allegations contained in Paragraph 23 of the Complaint.

24.     ADMITS the allegations contained in Paragraph 24 of the Complaint.

25.     ADMITS only so much of Paragraph 25 as alleges that Shelly Valentino ("Valentino") returned Defendant's call on March 12, 2018, and otherwise DENIES the remainder of the allegations contained in Paragraph 25 of the Complaint.

26.     DENIES the allegations contained in Paragraph 26 of the Complaint.

27.     DENIES the allegations contained in Paragraph 27 of the Complaint.

28.     DENIES the allegations contained in Paragraph 28 of the Complaint.

29.     DENIES the allegations contained in Paragraph 29 of the Complaint.

30.     DENIES the allegations contained in Paragraph 30 of the Complaint.

31.     DENIES the allegations contained in Paragraph 31 of the Complaint.

32.     DENIES the allegations contained in Paragraph 32 of the Complaint.

22217962.1

33.     ADMITS the allegations contained in Paragraph 33 of the Complaint.

34.     ADMITS the allegations contained in Paragraph 34 of the Complaint.

35.     DENIES the allegations contained in Paragraph 35 of the Complaint.

36.     DENIES the allegations contained in Paragraph 36 of the Complaint.

37.     DENIES the allegations contained in Paragraph 37 of the Complaint.

38.     DENIES the allegations contained in Paragraph 38 of the Complaint.

39.     DENIES the allegations contained in Paragraph 39 of the Complaint.

40.     DENIES the allegations contained in Paragraph 40 of the Complaint.

41.     DENIES the allegations contained in Paragraph 41 of the Complaint.

42.     DENIES each and every other allegation of Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43.     The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44.     Any actions taken on behalf of Defendant were based upon legitimate, non-retaliatory/discriminatory reasons.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45.     Plaintiff failed to exhaust conciliation efforts and/or conciliate in good faith.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46.     Plaintiff cannot recover damages (compensatory, punitive, liquidated, or otherwise) because Plaintiff has failed to plead and cannot establish facts sufficient to support

22217962.1

such damages or unlawful conduct on the part of the Defendant which would support the award

of such damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.     Plaintiff's cause of action are barred by documentary evidence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49.     Valentino did not inform Defendant of her purported disability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50.     Valentino did not request any type of accommodation for any purported disability,

and was not otherwise entitled to any type of accommodation for any purported disability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51.     Plaintiff cannot establish Valentino is entitled to an award of back pay or front

pay.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52.     Valentino has failed to mitigate her damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53.     Valentino was not qualified for the positions she applied to.

### **DEMAND FOR TRIAL BY JURY**

54.     Defendant hereby demands a trial by jury to the fullest extent required by law.

**WHEREFORE,** Defendant respectfully requests that:

a)      The Court dismiss Plaintiff's Complaint in its entirety and with
        prejudice;

22217962.1

b)      Defendant be granted the costs, fees and expenses in defending this action, including reasonable attorneys' fees; and

c)      Defendant be granted such other and further relief as the Court deems just and proper.


**DATED:** March 1, 2021            **BARCLAY DAMON LLP**


By:     s/ Christopher J. Harrigan_____
        Christopher J. Harrigan (Bar Roll No. 510755)

        Attorneys for Defendant
        Barclay Damon Tower
        125 East Jefferson Street
        Syracuse, New York 13202
        Telephone: 315-425-2772
        E-mail:  charrigan@barclaydamon.com

6

22217962.1

**CERTIFICATE OF SERVICE**

I certify that on March 1, 2020, I electronically filed the foregoing Answer and Demand for Jury Trial using the CM/ECF system, which sent electronic or other notification of such filing to all counsel of record in this case.

s/ Christopher J. Harrigan

22217962.1