# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

5:20-cv-1628 (BKS/ML)

Plaintiff,

v.

MCLANE/EASTERN, INC., *doing business as*
McLane Northeast,

Defendant.

---

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## JURY INSTRUCTIONS

# Table of Contents

I.    INTRODUCTION ................................................................................................ 1

    A.  Role of the Court.................................................................................. 1
    B.  Role of the Jury .................................................................................. 2
    C.  Role of the Attorneys ......................................................................... 3

II.    NATURE OF EVIDENCE ................................................................................. 4

    A.  Testimony and Exhibits ..................................................................... 4
    B.  Direct and Circumstantial Evidence .................................................. 5
    C.  Reasonable Inferences ....................................................................... 7

III.    EVALUATION OF EVIDENCE ...................................................................... 7

    A.  Credibility of Witnesses..................................................................... 7
    B.  Impeachment by Prior Inconsistent Statement ................................. 9
    C.  Depositions ...................................................................................... 10
    D.  All Available Evidence Need Not Be Produced............................... 10
    E.  The EEOC as the Plaintiff................................................................ 10
    F.  A Corporation as the Defendant ...................................................... 12
    G.  Interpretation ................................................................................... 12

IV.    BURDEN OF PROOF .................................................................................... 13

    A.  Preponderance of Evidence.............................................................. 13

V.    SUBSTANTIVE LAW .................................................................................... 15

    A.  Introduction ..................................................................................... 15
    B.  The Statute ....................................................................................... 15
        1.  Elements of a Disability Discrimination Claim ...................... 16

VI.    DAMAGES..................................................................................................... 22

    A.  Compensatory Damages ................................................................... 22
    B.  Nonpecuniary Damages ................................................................... 23
    C.  Punitive Damages ............................................................................ 24
    D.  Nominal Damages............................................................................ 25
    E.  Mitigation........................................................................................ 25

VII.  General Rules Governing Deliberations and Verdict ........................................................... 27

## I.    INTRODUCTION

Ladies and gentlemen, on behalf of the Court, the attorneys, and the parties, we all thank you for serving as jurors in this case.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.

I ask you to give me that same careful attention as I instruct you on the law. I will give you a copy of these instructions to use in the jury room. If you have a legal question about these instructions or about something the instructions do not address, you must ask me for a further explanation.

## A.    Role of the Court

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## B.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the parties have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven its case. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

You are to perform the duty of finding the facts without bias or prejudice to any party.

## C.     Role of the Attorneys

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are

3

the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## II.   NATURE OF EVIDENCE

## A.   Testimony and Exhibits

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations entered into by the parties.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

So, for example, if a witness was asked "When did you stop binge drinking?" you would not be permitted to consider as true the assumed fact that the witness had engaged in binge drinking, unless the witness indicated he or she had, or unless there was some other evidence in the record that the witness had engaged in binge drinking.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. You may not consider any answer that I directed you to disregard or that I directed struck from the record.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## B.    **Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses— something he or she has seen, felt, touched, or heard. Direct evidence may also be

in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

6

C.     **Reasonable Inferences**

In their closing arguments, the attorneys may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff asks you to draw one set of inferences, while the Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

III.   **EVALUATION OF EVIDENCE**

A.     **Credibility of Witnesses**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the

sole judges of the credibility of each witness and of the importance of his or her testimony.

The fact that some testimony is by video, as opposed to in-person, should not be a factor in your deliberations. You should give video testimony and in-person testimony equal consideration.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should

consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## B.    Impeachment by Prior Inconsistent Statement

If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

9

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## C.    Depositions

The attorneys have referred to a deposition. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery process.

## D.    All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## E.    The EEOC as the Plaintiff

The Plaintiff in this case is the United States Equal Employment Opportunity Commission, or "EEOC." The EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination, including the employment provisions of the Americans with Disabilities Act, or the

"ADA." The ADA makes it illegal for an employer to discriminate against applicants and employees because of disability. That is, an employer must not treat applicants or employees differently because of their disability.

The EEOC is responsible for investigating complaints of discrimination, called charges. When the EEOC receives a charge, the law requires the agency to conduct an investigation. After the conclusion of its investigation, the EEOC must inform the employer and individual of the outcome of the investigation. The EEOC may then decide to bring a lawsuit against the employer to end the alleged discrimination and obtain monetary relief for the persons harmed by the alleged discrimination. Once it files the lawsuit, the EEOC becomes the plaintiff in the lawsuit. That is the procedure the EEOC has followed here and is why the EEOC is the Plaintiff in this case.

The EEOC's role is to enforce anti-discrimination laws in the workplace. In its lawsuit, the EEOC may seek a remedy, including monetary damages, for the affected individual as well as other remedies affecting the public. In this case, EEOC seeks monetary damages on behalf of Shelley Valentino.

The mere fact that the EEOC has elected to pursue this case on behalf of Ms. Valentino is not evidence in and of itself that discrimination took place in this case. The fact that the EEOC is listed as the Plaintiff in this case should not play a role in your deliberations.

**F.**  **A Corporation as the Defendant**

In this case, the Defendant is a corporation. Because the Defendant is a corporation, it acts through real people—that is, through its officers, employees, or agents, which can include independent contractors. As a corporation, the Defendant can be bound by the acts or statements its officers, employees, and agents make while acting in the scope of authority delegated to them, even when the actions or statements in question violate the law or company policy.

The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**G.**  **Interpretation**

We had Court-appointed sign language interpreters assist us in these proceedings. As I explained in my preliminary instructions, the interpreters were here only to help us communicate during the proceedings.

The Court provided these interpreters to ensure that we could all communicate effectively and understand one another. The interpreters used by this Court do not work for or represent Ms. Valentino, the EEOC, or McLane Northeast. They are not a party to the case, have no interest in the case, and are required to remain neutral. The interpreters were required to interpret between

English and sign language accurately and impartially, to the best of the interpreter's skill and judgment. The interpreters' sole responsibility was to enable us to communicate with each other.

Upon occasion, the Court interpreters, as well as Plaintiff's own table interpreter, discussed or otherwise corrected an interpretation rendered when they disagreed as to an interpretation or when an interpretation error had been made, in order to fulfill their oath to interpret accurately for the record. You should follow the agreed upon interpretations and the instructions given by the Court.

You must evaluate interpreted witness testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English. You must not make any assumptions that a witness is less credible because that witness relies on the assistance of an interpreter to communicate.

## IV.   BURDEN OF PROOF

### A.   Preponderance of Evidence

As the Plaintiff in this action, the United States Equal Employment Opportunity Commission, or "EEOC," must establish by a preponderance of the credible evidence that its claim, and the elements that comprise its claim, are true. If you conclude that the EEOC has failed to establish its claim by a preponderance of the evidence, you must decide against the EEOC on that claim.

13

What does a "preponderance of the evidence" mean? To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally as probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

## V.   SUBSTANTIVE LAW

### A.   Introduction

This is an employment discrimination case. The Plaintiff EEOC alleges that the Defendant McLane Northeast discriminated against Shelley Valentino because of her disability, in violation of the Americans with Disability Act, or "ADA." The EEOC alleges that McLane Northeast discriminated against Ms. Valentino in two ways.

First, the EEOC alleges that McLane Northeast discriminated against Ms. Valentino when it did not give Ms. Valentino the opportunity to interview because of her disability.

Second, the EEOC alleges that McLane Northeast discriminated against Ms. Valentino when it did not hire her because of her disability.

McLane Northeast denies that it made the hiring decisions at issue because of Ms. Valentino's disability, and asserts that all of the employment decisions it made were based on legitimate, non-discriminatory reasons.

### B.   The Statute

The ADA provides in part that:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The purpose of the ADA is to eliminate workplace discrimination against individuals with disabilities by providing a clear and comprehensive national policy.

### 1.  Elements of a Disability Discrimination Claim

To establish its ADA claim, the Plaintiff EEOC has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the Defendant McLane Northeast is subject to the ADA;

Second, that Ms. Valentino has a disability;

Third, that Ms. Valentino is a qualified individual, as I will define that term for you;

Fourth, that the Defendant McLane Northeast discriminated against Ms. Valentino because of that disability; and

Fifth, that Ms. Valentino suffered damages as a direct result of that discrimination.

I will now examine each of these five elements.

### a. First Element: Applicability of the ADA

In this case, there is no dispute that McLane Northeast is subject to the ADA. Thus, the first element of the EEOC's ADA claim has been satisfied, and you need not be concerned with it.

### b. Second Element: Disability

There is also no dispute in this case that Ms. Valentino has a disability within the meaning of the ADA, deafness. Thus, the second element of the EEOC's ADA claim has been satisfied, and you need not be concerned with it.

### c. Third Element: Qualified Individual

The third element of a claim under the ADA is that the individual is a "qualified individual." To satisfy this element, the EEOC must prove two things by a preponderance of the evidence: <u>first</u>, that Ms. Valentino is otherwise qualified for either of the two employment positions to which she applied; and, <u>second</u>, that with or without reasonable accommodation Ms. Valentino can perform the essential functions of that position. I will now define some of these terms for you.

As I just stated, to establish that Ms. Valentino is a qualified individual, the first thing the EEOC must prove is that she is otherwise qualified for either of the two positions to which she applied. This means that Ms. Valentino has the requisite skill, experience, education, and other job-related requirements of either of the employment positions involved in this case. If she cannot satisfy this standard, then

Ms. Valentino is not a qualified individual, even if the reason she is not qualified is because of the disability, as, for example, where a blind person would be disqualified from driving a bus.

### i.   Essential Functions of the Position

If you find that Ms. Valentino was otherwise qualified for either position, then the next step is to determine whether the EEOC has proved by a preponderance of the evidence that Ms. Valentino was able to perform the essential functions of that position with or without reasonable accommodation.

In order to make this determination, you will need to determine what the essential functions of the employment position were. The "essential functions of an employment position" are the basic duties of a job that a person must be able to perform in order to hold a particular position, in this case the Selector II position or the Selector IV position.

In determining whether a particular job function is essential, you may consider the following factors, along with all of the evidence which has been presented to you:

a. the employer's judgment as to which functions of the job are essential;

b. written job descriptions prepared by the employer for advertising or posting the position;

c. written job descriptions prepared by the employer for use in interviewing applicants for the position;

d. the amount of time spent performing the function;

e. the consequences of not requiring the person holding the position to perform the function;

f. the terms of any collective bargaining agreement;

g. the work experience of past employees who have held the position; and

h. the work experience of current employees who hold similar positions.

Ms. Valentino, at the time she was not interviewed or hired, must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that term for you. An employer may not base an employment decision on speculation that the individual's disability might worsen to the extent that the individual would not be a qualified individual at some time in the future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

### ii.    Reasonable Accommodation

As I stated, the Plaintiff EEOC must demonstrate by a preponderance of the evidence that Ms. Valentino was able to perform the essential functions of the employment position with or without reasonable accommodation.

19

If you find that Ms. Valentino was otherwise qualified, as I explained that term to you, and you also find that Ms. Valentino was able to fulfill all of the essential functions of the job without any accommodation at the time of the adverse job action, then she is a qualified individual. However, if you find that Ms. Valentino was otherwise qualified but unable to fulfill all of the essential functions of the job without accommodation, then you must consider whether there were reasonable accommodations that the Defendant McLane Northeast could have made that would have enabled Ms. Valentino to fulfill the essential functions she could not otherwise fulfill.

A reasonable accommodation must be reasonable both in terms of cost and efficiency. Thus, you may consider the financial and administrative burdens that would be placed on the employer if required to make a particular accommodation. You may also consider the impact of an accommodation on other employees or on a valid collective bargaining agreement in determining whether a particular accommodation is reasonable.

An employer is not required to eliminate or alter essential functions of the position as a reasonable accommodation. Thus, the employer is not required to reallocate essential job duties to other employees or to reduce productivity standards to accommodate the individual.

### d. Fourth Element: Discrimination

The fourth element of a claim under the ADA is that the defendant discriminated against the individual because of his or her disability.

To satisfy this element, the Plaintiff EEOC must prove by a preponderance of the evidence that Ms. Valentino's disability was a determinative factor in the decision to take either of two adverse employment actions: (1) failing to interview Ms. Valentino; and (2) failing to hire Ms. Valentino. The disability need not have been the sole factor, but it must have been a decisive factor, meaning that but for the consideration of the individual's disability, the Defendant McLane Northeast would not have made the same employment decisions.

In order for the disability to have been a determinative factor in the Defendant's decisions, the Defendant must have known that Ms. Valentino had a disability. This means that the person who made the decision to take the adverse action knew that Ms. Valentino had a disability.

In this case, the Defendant argues that it took the two adverse actions against Ms. Valentino, not because of her disability, but for a nondiscriminatory reason. If you find that is true, that would be a complete defense. But if you find that the asserted reason is just a pretext, you may, if you wish, consider whether the real reason was discrimination on the basis of disability.

You may consider whether there were weaknesses, implausibilities, inconsistencies, or contradictions in the Defendant's reasons for its actions. If you find such discrepancies, you may, but need not, find that the explanations were a pretext for disability discrimination. Remember, however, that not all pretexts are designed to conceal discrimination and that it is the Plaintiff's burden to satisfy you, by a preponderance of the evidence, that the adverse action would not have been taken, except for the Defendant's consideration of Ms. Valentino's disability.

### e.  Fifth Element: Damages

If the Plaintiff EEOC has proved by a preponderance of the evidence that the Defendant McLane Northeast is liable on the Plaintiff's claim, then you must determine the damages, if any, to which the Plaintiff is entitled.

## VI.   DAMAGES

I will now instruct you on the law of damages. I caution you, however, that my doing so does not mean that I have any opinion on whether or not the Plaintiff has satisfied its burden of proof and that the Defendant is liable. Only if you find that the Plaintiff proved its claim against the Defendant should you consider damages.

### A.    Compensatory Damages

The purpose of damages is to award just and fair compensation for the economic loss, if any, resulting from the Defendant's violation of Ms. Valentino's

rights. Compensatory or actual damages seek to make the party whole—that is, to compensate Ms. Valentino for the financial loss that she has suffered as a result of the Defendant's discriminatory actions. Compensatory damages are not limited merely to expenses that Ms. Valentino has had to pay. Instead, compensatory damages should fairly and justly compensate Ms. Valentino for the financial loss she has suffered, or will suffer in the future, as a result of any discriminatory action by the Defendant.

If you return a verdict in favor of the Plaintiff, then you must award the Plaintiff such money as you believe will fairly and justly compensate Ms. Valentino for any financial loss sustained as a direct consequence of the conduct of the Defendant.

### B.    Nonpecuniary Damages

In addition to pecuniary damages, a plaintiff who prevails in an ADA action is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish she has suffered as a result of the defendant's conduct.

You should not award damages for speculative injuries, but only for those that the plaintiff actually suffered as a result of the defendant's conduct or which the plaintiff is reasonably likely to suffer in the near future.

You must also consider whether and to what extent the plaintiff's emotional anguish has been due to a condition that existed prior to or arose from events other than the actions of the employer. The Plaintiff cannot recover for these.

### C.    Punitive Damages

If you should find that the Defendant is liable for discriminating against Ms. Valentino in violation of the ADA, then you have the discretion to award punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter others from committing similar acts in the future. You may award punitive damages only if you find that the Plaintiff has proved by a preponderance of the evidence that the Defendant intentionally engaged in discriminatory actions with malice or with reckless indifference to the rights of the disabled. A defendant acts with reckless indifference to the rights of the disabled when it acts in the face of a perceived risk that its conduct will violate the ADA. A defendant acts with malice when it is motivated by spite or ill will.

It is entirely within your discretion as jurors to determine whether to award punitive damages if the elements I just described have been proved. However, keep in mind that punitive damages are not required to be awarded. If you decide to award punitive damages, you must use sound reason in setting the amount; it must

not reflect bias, prejudice, or sympathy toward any party, but the amount can be as large you believe necessary to fulfill the purpose of punitive damages.

### D.    Nominal Damages

If you find, after considering all the evidence presented, that the Defendant discriminated against Ms. Valentino, in violation of the ADA, but that Ms. Valentino suffered no injury as a result of this violation or breach, you must award the Plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the violation of the ADA, without any resulting physical, emotional or financial damage.

You must also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either she was measurably injured, in which case you must award compensatory damages, or else she was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

### E.    Mitigation

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable

diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

If you find the Defendant is liable and that Ms. Valentino has suffered damages, the Plaintiff may not recover for any item of damage Ms. Valentino could have avoided through such reasonable effort. If Ms. Valentino unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question whether Ms. Valentino acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the Defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce the Plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion

in deciding whether the defendant has satisfied its burden of proving that Ms. Valentino's conduct was not reasonable.

## VII.   General Rules Governing Deliberations and Verdict

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson. Keep in mind, however, that the Foreperson's vote is entitled to no more weight than any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

Your verdict must represent the considered judgment of each juror. Each of you must decide the case for yourself, but it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violating your individual judgment and conscience.

There is nothing peculiarly different in the way a jury should consider the evidence in a civil case from that in which all reasonable persons treat any question that depends on evaluation of evidence presented to them. You are expected to use your good sense, to consider the evidence in the case only for the purposes for which it has been admitted, and to give this evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you or my instructions further explained. I caution you, however, that the read-back of testimony may take some time and effort. You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Remember also that juror notes are to be used only by the juror who took them, and the fact that a juror elected to do so entitles his or her vote to no greater weight.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The Foreperson should sign the note and pass it on to the Court Security Officer who will bring it to my attention. I will then respond either in writing or orally by having you returned to the

courtroom. In any communications with the Court, you must never state your numerical division over an issue, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website such as Google, Facebook, Instagram, YouTube, Twitter, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Verdict forms have been prepared for you. After you select a Foreperson, you should review them. Once you have reached a unanimous verdict, your Foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that a verdict has been reached.

**END OF CHARGE**